**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 12-4693**

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JEFFREY MATTHEW MURPHY,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of Virginia, at Danville.  Jackson L. Kiser, Senior District Judge.  (4:11-cr-00014-JLK-1)

_____

Submitted:  March 8, 2013        Decided:  March 21, 2013

_____

Before DAVIS, WYNN, and THACKER, Circuit Judges.

_____

Dismissed in part; affirmed in part by unpublished per curiam opinion.

_____

Larry W. Shelton, Federal Public Defender, Christine Madeleine Lee, Research and Writing Attorney, Roanoke, Virginia, for Appellant.  Ronald Andrew Bassford, Assistant United States Attorney, Roanoke, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jeffrey Matthew Murphy pled guilty, pursuant to a plea agreement, to possession of firearms by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2006), and was sentenced to 120 months' imprisonment. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting there are no meritorious grounds for appeal but questioning the reasonableness of Murphy's sentence. Murphy was informed of his right to file a pro se brief but has not done so. The Government has filed a motion to dismiss this appeal in part on the ground that Murphy knowingly and intelligently waived the right to appeal his sentence and conviction. For the reasons that follow, we dismiss in part and affirm in part.

In his plea agreement, Murphy waived the right to appeal his sentence and conviction, reserving only the right to appeal those issues that may not be waived by law. "A defendant may waive the right to appeal . . . so long as the waiver is knowing and voluntary." United States v. Copeland, ___ F.3d ___, ___, 2013 WL 657785, at *5 (4th Cir. Feb. 25, 2013) (internal quotation marks omitted). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during the Fed. R. Crim. P. 11 colloquy and the record reveals that the defendant understood the full import of the waiver, the waiver is both valid and

2

enforceable. Id. A review of the record reveals that the court determined Murphy was competent to plead guilty, had the opportunity to discuss his plea agreement with counsel, entered his guilty plea in the absence of threats or force, and understood the terms of his appeal waiver. Thus, we conclude that Murphy validly waived his right to appeal his sentence and conviction and that the claim raised on appeal falls within the scope of his waiver. Id. (providing standard). Accordingly, we grant the Government's motion to dismiss in part and dismiss the appeal of Murphy's sentence and conviction as to any issue for which waiver is legally permissible.

Although the waiver provision in the plea agreement precludes our review of most issues related to Murphy's sentence and conviction, the waiver does not preclude our review of any errors that may not be waived and that may be revealed by our review pursuant to Anders. See United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005) (naming issues not waived by appellate waiver). In accordance with Anders, we have reviewed the record in this case and have found no unwaived meritorious issues for appeal. We therefore deny in part the Government's motion to dismiss and affirm Murphy's sentence and conviction on any grounds not encompassed by his knowing and intelligent appellate waiver.

This court requires that counsel inform Murphy, in writing, of his right to petition the Supreme Court of the United States for further review. If Murphy requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Murphy. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>DISMISSED IN PART;</u>
<u>AFFIRMED IN PART</u>

4